UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAMS DEVELOPMENT & CONSTRUCTION, INC.; CRAIG WILLIAMS; LEE WILLIAMS; WDC COMMERCIAL REAL ESTATE, INC.; WILLIAMS WORKING CAPITAL PARTNERSHIP; WILLIAMS MANAGEMENT TRUST; CRAIG & LEE WILLIAMS FAMILY PARTNERSHIP; LEE AND CRAIG PARTNERSHIP 100 LTD; LEE AND CRAIG PARTNERSHIP 200 LTD; LEE AND CRAIG PARTNERSHIP 300 LTD, <br><br>                    Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br>                    Defendant. | 4:18-CV-04033-LLP <br><br><br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO QUASH THIRD-PARTY SUBPOENAS <br><br> Docket No. 44 |

**INTRODUCTION**

This matter is before the court on plaintiffs' amended complaint seeking damages for defendant United States' (hereinafter "government") unlawful disclosure of their taxpayer identification numbers. See Docket No. 15. Jurisdiction is premised on the presence of a federal question, 28 U.S.C. § 1331. Now pending is plaintiffs' motion to quash subpoenas served on 13 third parties by the government. See Docket No. 44. The district court, the

Honorable Lawrence L. Piersol, referred the motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and the October 16, 2014, standing order of the court.  See Docket No. 46.

## FACTS

Plaintiffs filed their original complaint in this matter on March 26, 2018, seeking to quash various administrative summonses issued to 15 third parties by the Internal Revenue Service ("IRS") on March 8, 2018.  See Docket No. 1. Plaintiffs argued that some of the plaintiffs had been referred for criminal investigation and, after such a referral, the IRS was prohibited from using administrative summonses to gain evidence.  Id.  After the filing of plaintiffs' complaint, the IRS withdrew its summonses to Citibank and Wells Fargo Bank, two of the 15 third parties which had previously received summonses.  See Docket No. 34 at p. 2.

On April 27, 2018, plaintiffs filed an amended complaint asserting the additional claims that the IRS had made unlawful disclosures in the summonses to the third parties of (1) the fact that some of the plaintiffs were under criminal investigation and (2) of some of the plaintiffs' taxpayer identification numbers.  See Docket No. 15.  The government made a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6), arguing the court lacked jurisdiction for plaintiffs' request to quash the summonses because that claim was mooted when the government withdrew the summonses and that plaintiffs had failed to state a claim upon which relief could be granted on the unlawful disclosure claims.  See Docket No. 24.

2

The district court granted in part and denied in part the government's motion to dismiss.  <u>See</u> Docket No. 34.  The court agreed the request to quash the now-withdrawn summonses was moot and dismissed this claim from plaintiffs' amended complaint.  <u>Id.</u> at p. 5.  The court found the disclosure by the IRS that the summonses were issued by an IRS criminal investigative agent was not unlawful and could not be asserted by plaintiffs as a basis for their request for damages.  <u>Id.</u> at pp. 9-10.

The court decided, however, that plaintiffs had at least *articulated* a valid claim by asserting the IRS had unlawfully disclosed some of the plaintiffs' taxpayer identification numbers and by indicating some of the plaintiffs were under criminal investigation.  <u>Id.</u> at pp. 10-18.  The court accordingly allowed these claims to go forward.  <u>Id.</u>  The court indicated, however, that if the government were able to prove the third parties were in possession of plaintiffs' taxpayer identification numbers *prior* to the third parties' receipt of the IRS summonses, the court would likely find this fact fatal to plaintiffs' damages claims on that issue.  <u>Id.</u> at p. 18.

Following the district court's ruling on the government's motion to dismiss, then, one of the key issues regarding plaintiffs' request for damages for allegedly unlawful disclosures by the IRS is whether the 15 recipients of the IRS's administrative summonses already knew plaintiffs' taxpayer identification numbers prior to the time the third parties received the March 8, 2018, IRS summonses.

To that end, on July 19, 2019, the government served plaintiffs with requests to admit as to all 15 third parties. <u>See</u> Docket No. 48-1. The requests asked plaintiffs to admit that each of the third parties had prior knowledge of plaintiffs' taxpayer identification number before receiving the IRS summons. <u>Id.</u> Plaintiff Craig Williams admitted this was true as to 2 of the 15 third parties, but denied it was true as to the remaining 13 third parties. <u>See</u> Docket No. 48-2 at pp. 3-4. Accordingly, the government served each of the remaining 13 third parties with subpoenas *duces tecum* pursuant to FED. R. CIV. P. 45 to seek confirmation from the third parties as to whether they knew plaintiffs' taxpayer identification numbers prior to receiving the IRS summonses.

The government's subpoena to Citibank, N.A., in Sioux Falls, South Dakota, asked Citibank to provide one of the following two categories of documents in their possession concerning each of the named plaintiffs in this case:

1. Account opening documents for each of the account holders listed above, including but not limited to the documentation provided to you by each of the account holders. The records sought include (but are not limited to) correspondence and notices, signature cards, loan applications, loan files, and similar documents. This request also includes documents relating to any credit card, deposit account, line of credit, or other account at the bank, including its affiliates, branches or predecessor banks.

2. To the extent the documents responsive to Request No. 1 do not identify the Social Security Number or Employee Identification Number of each of the account holders listed above, this request seeks for each account held by an account holder listed above, documents and records, <u>prior to March 8, 2018</u>, including electronically-stored information, that reflect the Social Security Number or Employee Identification Number of the account holder.

<u>See</u> Docket No. 45-2 at p. 61.

The administrative summons which the IRS had previously served on Citibank, N.A. on March 8, 2018, would have (had it not been withdrawn) required Citibank to provide the following documents:

> [A]ll records . . . for all account(s) in the name of or on behalf of [the named plaintiffs], including any and all business entities whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals or entities may have a financial interest . . . from October 1, 2011 to the Present.

See Docket No. 45-1 at p. 38.

Plaintiffs now move to quash all 13 subpoenas issued by the government. See Docket No. 45. They advance several arguments in support of their motion: (1) the subpoenas request the same information as the March 8, 2018, summonses did and are, therefore, an improper attempt to obtain the information the IRS was prohibited from obtaining through the summonses; (2) the subpoenas request information that is not relevant; and (3) the subpoenas are overbroad and unduly burdensome. Id.

The government opposes the motion, asserting the subpoenas seek relevant information on facts which plaintiffs have placed in issue. See Docket No. 47. The government also asserts only the subpoena issued to Citibank is properly before the court. Id. Finally, the government points out that the subpoenas do not request the same information as the earlier summonses did and the subpoenas are narrowly tailored to address a relevant issue in this case. Id.

**DISCUSSION**

**A.     Place of Compliance Under Rule 45**

A party or attorney issuing a subpoena pursuant to Rule 45 "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." See FED. R. CIV. P. 45(d)(1).  "*The court for the district where compliance is required* must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Id. (emphasis added).

Here, the only subpoena for which compliance is directed to occur within the District of South Dakota is the Citibank subpoena.  See Docket No. 45-2 at p. 26.  The other 12 subpoenas are to be performed or complied with at various United States Attorney's Offices across the country:  Houston, El Paso and Dallas, Texas; New York City; Washington, D.C.; Indianapolis, Indiana; Detroit, Michigan; and Wilmington, Delaware.  See Docket No. 45-2.  Accordingly, plaintiffs' motion to quash in this district is not appropriate as to any of the subpoenas except for Citibank's.  FED. R. CIV. P. 45(d)(1).

Subpart (f) of Rule 45 allows a court where compliance is required to transfer a motion to quash to the court where the litigation is pending (South Dakota) if the nonparty consents or if there are exceptional circumstances.  See FED. R. CIV. P. 45(f).  However, there is no mirror provision allowing *this court* to entertain a motion to quash in the first instance where compliance is required in a different district.  No other district has transferred a proceeding involving an extra-district subpoena to this court.

Plaintiffs must file their motions to quash in the United States District Court for the appropriate district for the place of compliance for each of the other subpoenas. See also FED. R. CIV. P. 45(d)(3) (stating "[o]n timely motion, the *court for the district where compliance is required* must quash or modify a subpoena . . .").  For this reason, the court denies plaintiffs' motion as to the 12 subpoenas for which the place of compliance is outside this district.  The court will consider plaintiffs' motion on its merits as to Citibank.

**B.     Standing**

Generally, a party to a lawsuit does not have standing to seek to quash a subpoena directed to a non-party—that power lies with the non-party.  See Smith v. Frac Tech Servs., Ltd., 2010 WL 3522395 at *1 (E.D. Ark. Sept. 1, 2010); Herff Jones, Inc. v. Oklahoma Graduate Servs., Inc., 2007 WL 2344705 at *3 n.4 (W.D. Ok. Aug. 15, 2007).  However, when the party seeking to challenge the subpoena has a personal right or privilege in the subpoena, an exception has been made.  Smith, 2010 WL 3522395 at *1; Herff Jones, Inc., 2007 WL 2344705 at *3 n.4.  Here, plaintiffs clearly have a personal right in the information sought from Citibank—their bank records.  Herff Jones, Inc., 2007 WL 2344705 at *3 n.4.  Accordingly, the court concludes they have standing to challenge the subpoena.  See also Winter v. Bisso Marine Co., Inc., 2014 WL 3778833 at **1-2 (E.D. La. July 29, 2014).

**C.      Overbroad**

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena for the production of documents on a nonparty, with notice to the other parties in the litigation.  See FED. R. CIV. P. 45(a).  The nonparty on whom the subpoena is served must be protected from undue burden or expense.  Id. at subsection (d)(1).

A subpoena *must* be quashed or modified if it requires the disclosure of privileged or other protected matter if there is no exception or waiver applicable, or if the subpoena subjects a person to undue burden.  Id. at subsection (d)(3)(A).  A subpoena *may* be quashed or modified to protect a person affected by a subpoena if the subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information.  Id. at subsection (d)(3)(B).

In PHE, Inc. v. Does 1-27, 2013 WL 3225811 at *1 (E.D. Mo. June 25, 2013), a plaintiff filed suit alleging certain John/Jane Does had violated plaintiff's copyrights by downloading plaintiff's movie using an internet-based application known at Bit Torrent.  The only identifying information plaintiff had about the Does was their Internet Protocol ("IP") addresses.  Id.  Plaintiff served a subpoena on the internet service providers for the IP addresses seeking the subscription information for each of the IP addresses.  Id.  The Does moved to quash the subpoena, asserting, among other things, that the IP addresses might not correspond to the person who downloaded the movie—i.e. it was overbroad.  Id. at *3.  The Does argued that the responsible person might be a

visitor, a neighbor, or someone using the wireless signal from a car parked on the street.  Id.  The Does also argued their reputations would be damaged by having their names released to plaintiff.  Id.

The court rejected these concerns, noting the information sought need not be admissible in court as long as it was reasonably likely to lead to the discovery of admissible evidence.  Id.  By finding out the identity of the owner of the IP addresses, plaintiff could begin to track down the actual users who downloaded plaintiff's movie.  Id.  As to the embarrassment factor, the court concluded that was unfortunate, but was a fact faced by "countless litigants in our legal system."  Id.  The court denied the motions to quash.  Id.

Similarly, here, the documents requested by the government's subpoena may include some documents not directly related to the discrete issue of whether Citibank had knowledge of any of plaintiffs' taxpayer identification numbers prior to March 8, 2018.  But the subpoena has great potential to result in the production of documents that *are* directly relevant to this issue.

Paragraph 2 of the subpoena limits Citibank's production of documents to documents created and in existence prior to March 8, 2018.  The court notes that paragraph 1 is not similarly limited.  It should be.  Accordingly, the court grants plaintiffs' motion to quash in part by amending paragraph 1 of the Citibank subpoena to call for only those documents created and in existence prior to March 8, 2018.

Plaintiffs also argue the government's approach could have been even more narrowly tailored had the government used the discovery device of posing

to the third parties written deposition questions pursuant to FED. R. CIV. P. 31. Perhaps this is true, but the Rules specifically provide that parties may choose their own discovery devices and those devices may be used in any sequence desired. See FED. R. CIV. P. 26(d)(3). The government was not required to forego third party subpoenas in favor of depositions upon written questions. Id.

**D.    Undue Burden**

Plaintiffs contend that the subpoenas are unduly burdensome for Citibank to comply with. But only Citibank can raise this objection. See FED. R. CIV. P. 45(d)(3). Citibank has not raised the objection. Furthermore, the government indicates at least two other third parties complied with their subpoenas by producing a modest number of documents.[1] This belies the argument that the subpoena is unduly burdensome to Citibank.

**E.    Relevancy**

As with other discovery, the relevancy issue at the time a subpoena is served is broad—the court does not evaluate whether the evidence sought is admissible, but rather whether the information is relevant to a claim or defense and is nonprivileged. Charles A. Wright, Arthur R. Miller, Mary K. Kane, Richard L. Marcus, A. Benjamin Spencer, and Adam Steinman, 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed. Apr., 2017) (hereinafter "Fed. Prac. & Proc. Civ."). The court also considers whether the information is likely to lead to the discovery of

---

[1] Lochinvar Gold Club produced 19 pages of documents and Morgan Stanley Smith Barney, LLC produced 123 pages. See Docket No. 47 at pp. 5-6.

admissible evidence.  Id.  The party seeking to quash a subpoena bears the burden of demonstrating grounds for quashing it.  Id.

Despite recent changes to the rules of civil procedure, courts agree the scope of discovery under the Federal Rules of Civil Procedure is extremely broad.  See 8 Fed. Prac. & Proc. Civ. § 2007.  The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession."  Hickman v. Taylor, 329 U.S. 495, 507-08 (1947).  Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial.  See FED. R. EVID. 401-404.  These considerations are not inherent barriers to discovery, however.  See FED. R. CIV. P. 26(b).  The scope of discovery under Rule 45 is the same as the scope of discovery under Rule 26.  9A Fed. Prac. & Proc. Civ. § 2452.

Here, by the very bringing of this lawsuit, plaintiffs have placed in issue the question whether Citibank knew of their taxpayer identification numbers prior to receiving the March 8, 2018, IRS summonses.  They denied the government's request to admit regarding this issue.  Accordingly, they cannot now be heard to complain when the government seeks to discover documents directly relevant and narrowly tailored to this issue.

Plaintiffs also argue the government's subpoena requests the same information as the earlier IRS summons and, therefore, the subpoena is simply an improper "end run" around the law.  First, the court notes plaintiffs'

argument ignores the distinction between an administrative subpoena and a Rule 45 subpoena. However, setting that distinction aside, even a cursory examination of the summons and the subpoena issued to Citibank reveals the two requests do *not* seek the same category of documents. Compare Docket No. 45-1 at p. 38, with Docket No. 45-2 at 61. Especially as modified by the court's application of a date restriction to paragraph 1 of the subpoena document request (discussed above), the government's subpoena requests a far more narrow category of documents than the earlier IRS summons did.

Given the privacy concerns discussed above, the court will not quash the subpoena to Citibank, but the court will entertain a protective order regarding the information which is the subject of the subpoena. See United States v. Three Bank Accounts, 2008 WL 915199 at *8 (D.S.D. Apr. 2, 2008). The court encourages the parties to discuss the matter of a protective order and arrive at provisions which are mutually agreeable. Otherwise, the court will impose one of its own design.

## CONCLUSION

Plaintiffs' motion to quash [Docket No. 44] is granted in part and denied in part. The subpoena issued to Citibank, N.A. is modified so that paragraph 1 of the document request of the subpoena is limited to those documents created and in existence prior to March 8, 2018. Plaintiffs' motion to quash is denied in all other respects.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED December 10, 2019.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge